United States District Court

District of South Carolina

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JAN 20  A 9: 06

Eric P. Hemingway;                                )    C/A No. 9:05-3331-RBH-GCK
                                                  )
                                  Petitioner;     )
                                                  )
vs.                                               )    **Report and Recommendation**
                                                  )
State of South Carolina;                          )
                                                  )
                                  Respondent.     )
                                                  )

The Petitioner, Eric P. Hemingway (hereinafter, the "Petitioner") has brought this *pro se*

petition under Title 28 United States Code §2241. Pursuant to 28 U.S.C. §636(b)(1)(B), and

Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial

matters in such *pro se* cases and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is confined at the Allendale County Detention Center in Allendale, South

Carlina. His petition is replicated below verbatim:

> The Court has violated mandatory court rules and principles designed to protect
> the Constitution and Statutory Rights of accused individuals, such that this court
> should hold that the charges against defendantnts are void and failed to vest
> subject-Matter Jurisdiction in the Court of General Sessions: 1) Despite
> Mandatory rules which have he [sic] force and effect of law, the state failed to
> lawfully abide within the guidelines of the United States Constitutions [sic] Fourth
> Amendment-establishing probable cause – which in its mandates, has to amount
> to more than a bare suspicion, further in reference to Jackson-vs-Virginia [sic]
> 443 U.S. 307, 314, 99 (ct. 2781-61-L-Ed-2d-500 [sic] (1979).
> A. Despite mandatory rules which have the force and effect of law, the state
> failed to seek and file an indictment within "90 days" of defendants arrest as
> required by rule 3(c), 5CR crp [sic]. The Court failed to petition to show good
> cause for delay in indictment defendant before 90 day period, and to obtain
> orders granting leave for the delay in indictment defendant before 90 day period.
> B. Despite clear mandates from the Supreme Court of South Carolina in State-
> vs-Anderson [sic], 439 S.E. 2d 835 (S. Ct. 1993) [sic], the solicitor wrongfully and
> prejudicially sought and obtained indictments by using only the hearsay, non-

1

personal knowledge testimony of the investigating officers as the sole witness. 2) Defendant show that the states continuing failure to comply with these mandatory rules and principles resulted in a flagrant violation of the United State [sic] Constitution "14)' [sic] Amendment, for biding [sic] states from denying "Due Process" in whose provisions apply the Bill of Rights and equal protection and from abridging the privileges and immunities of U.S. Citizenship. The Amendment which gave Congress the power to enforce these provisions. [sic] A. In hearing these Motions and their case pertaining principles presented, it would be judicially unethical and unjustified conduct of any official of the law to render or coincide [sic] with the states ambition to prosecute a Defendant on alleged charges, which the state itself within this case, has flagrantly violated mandatory rules and principles mandated by the Supreme Court of South Carolina and United States Constitution and statutory rights designed to protect accused individuals.

[1-1, pp. 3-5.] Petitioner does not disclose the nature or trial status of the pending charge(s).

### *PRO SE* COMPLAINT

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the Petitioner could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the Petitioner's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### RELIEF UNDER § 2241 IS UNAVAILABLE

Absent extraordinary circumstances, federal courts are not authorized to interfere with a

State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971). The United States Court of Appeals for the Fourth Circuit has ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989).

Pre-trial detention is not a deprivation of due process, even when a defendant claims to be innocent. In Brooks v. City of Winston-Salem, N.C., 85 F. 3d 178 (4th Cir. 1996), the Fourth Circuit Court of Appeals took the occasion to consider whether or not a liberty interest exists in avoiding prosecution upon less than probable cause. In the Brooks decision, and in the earlier case of Taylor v. Waters, 81 F. 3d 429 (4th Cir. 1996), the Fourth Circuit made the following observation, drawing in particular upon Gerstein v. Pugh, 420 U.S. 103 (1975):

> Th[e Fourth] amendment requires that arrests be made based upon probable cause and that a neutral and detached judicial officer evaluate probable cause as a condition of significant pretrial restraint of liberty. [Citation omitted] Once such a determination of probable cause has been rendered, however, the Fourth Amendment does not impose any further requirement of judicial oversight or reasonable investigation to render pretrial seizure reasonable. [Citations omitted.] Instead, other constitutional guarantees contained in the Bill of Rights – such as the right to a speedy trial – protect the accused by ensuring that he will not be detained indefinitely before an "ultimate determination of...innocence is placed in the hands of the judge and the jury." [Citation omitted]

81 F. 3d at 428-429.

Petitioner has not alleged any extraordinary circumstances to justify this Court's intervention in his state criminal proceedings. Thus, Petitioner's request that this Court release him is one that cannot be entertained or granted.

## SECTION 1915 SCREENING

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court

without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A claim based on a meritless legal theory may be dismissed *sua sponte*. *See* Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). In making this determination, the court is not bound to accept without question the truth of the Petitioner's allegations, but rather need only weigh the Petitioner's factual allegations in his favor. Id. Under 28 U.S.C. §1915A, federal courts are specifically directed to screen and dismiss prisoner complaints which fail to state a claim upon which relief may be granted.

## RECOMMENDATION

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the Respondents to file answers. The Petitioner's attention is directed to the notice on the next page.

George C. Kosko
United States Magistrate Judge

January 19, 2006
Charleston, South Carolina

4

<u>**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**</u>
**&**
**The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not</u> thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("Petitioner's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* <u>Wright v. Collins</u>, supra; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**